Barksdale et al. vs. Bunkley, Harvey et al.

BARKSDALE, and others, plaintiffs in error, vs. BUNKLEY, HARVEY, and others, defendants in error.

The parties to a controversy, agreed to submit it to the decision of the Judge, and to let him fix the fees of their counsel, with the right to the counsel, to except to his decision, and bring it before the Supreme Court. The counsel

submitted their claims for fees, to the Judge, and he fixed the amount of their fees.   To his decision, a portion of the parties to the submission filed a writ of error, but failed to make the counsel parties to the writ.

*Held,* That the counsel were necessary parties to the writ; and for want of them, the writ was dismissed on motion.

The facts are stated in the opinion of the Court.

DOUGHERTY, for plaintiffs in error.

PEEPLES; and HILL, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Mrs. Marharine Bunkley, late of Upson county, made two wills before her death, one in 1848, and one in 1850.  These two wills gave rise to a great deal of litigation involving a great number of parties.   One of the cases growing out of the litigation, was still pending in 1857; viz, a case in favor of Caroline M. Bunkley, by her guardian, Isaac M. Brown, against Terrell Barksdale, Stephen Harvey, Samuel Barksdale, Edward G. Harvey, Eusebius A. Hopkins, and his wife, Anna, and others.

In 1857, the parties in this case, and a number of other persons interested in Mrs. Marharine Bunkley's estate, entered into an agreement for the settlement of the litigation. .

One of the stipulations in this agreement was, that the " fees" of the counsel engaged in the litigation, were to be " settled" by the Judge of the Superior Court of Upson county, " to whom," in the words of the agreement, " the parties hereto, do jointly and severally, agree to refer the whole question, as to counsel fees, and the amount to be paid to Terrell Barksdale, as above stated, in the whole litigation under said wills, and which have not heretofore been paid, or are not herein above expressly provided for ; said Court to hear and determine, on the whole question of law and fact, to adjudge and determine, what fees are chargeable upon, and to be paid

out of, said estate, and also, by the several parties, and the amount to be paid to each of the counsel, and to said Barksdale, and by whom paid, reserving to each of the parties hereto, and allowing to any of the counsel who may thus submit the question of fees, the right to except to said decision, and carry the same to the Supreme Court, in terms of the law."

The counsel submitted the question of fees, to the Judge; and he made an award by which, he fixed the amounts of their fees, and designated the fund, or interest, in the estate, out of which, the fees were to be paid.

To this award, Terrell Barksdale, Stephen Harvey, and others, excepted; and, on a bill of exceptions, they brought it up to this Court. They, however, failed to make the counsel to whom the fees had been awarded, parties to the bill of exceptions and writ of errors; and for this omission, a motion was made, to dismiss the case from this Court.

The question, therefore, is, whether the counsel were necessary parties to the case. And, we think, that they were, beyond a doubt.

The agreement stipulates, by the strongest implication, that the counsel may submit the question of their fees, to the Judge; it stipulates, expressly, that they may except to the award. They did submit this question, to him, and he decided it. They thus became, themselves, parties to the agreement, and to the award. If so, it follows as a matter of course, that they acquired the right, to be parties to any proceeding having for its object, the annulling or changing of the award, in the respects in which, it affected them.

The present proceeding, that is, the writ of error in the case, had this for its object. Mr. Dougherty, the counsel for the plaintiffs in error, expressly, refusing to allow the revision of this Court, to be confined to those parts of the case, in which, the counsel had no interest.

The counsel, then, had the right to be parties to this writ

of error.   Not having been made such, the writ of error is subject to be dismissed for want of parties.

We think, that the motion to dismiss the writ, ought to be sustained.

Writ of error dismissed.